292 So.2d 460

**Clarence E. BONNER III**

**v.**

**STATE.**

**8 Div. 447.**

Court of Criminal Appeals of Alabama.

Jan. 15, 1974.

Rehearing Denied Jan. 29, 1974.

Campbell W. Glover, Jr., Guntersville, for appellant.

William J. Baxley, Atty. Gen. and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was tried and convicted of the offense of driving while under the influence of intoxicating liquors. The jury found him guilty but did not assess a fine and the court added as additional punishment imprisonment in the county jail of Marshall County for four months.

Appellant's motion for a new trial was overruled.

Several grounds of the motion are directed to the proposition that the verdict of guilty rendered by the jury is not supported by the evidence and is contrary to law.

The State's testimony tends to show that on the night of April 6, 1973, Witness Walter Colbert, a highway patrolman and state trooper, was driving south on Highway 431 north of the City of Guntersville. He testified that he observed the appellant who was operating another vehicle and who had two passengers riding in the front seat and who was traveling in the same direction as the patrolman, pass another vehicle by crossing over two yellow lines in the center of the highway and further on the appellant was observed to be following another vehicle too closely. The patrolman turned on his signal light at which time the appellant pulled over and stopped. As the patrolman approached the car, the appellant got out and had some conversation with the patrolman during which time appellant's breath smelled of intoxicating liquor and he staggered. He was arrested at the scene and taken to Guntersville where he voluntarily underwent a test to determine the degree of intoxication, if any, present at the time. The test allegedly showed a degree above the mark at which a person is considered to be intoxicated or under the influence of some intoxicating liquors.

The appellant denied that he was intoxicated, but admitted that he had drunk at least three cans of beer, finishing the last can as he discovered the presence of the patrolman behind him on the highway.

A further detailed statement of his testimony is not necessary in order to rule on the question of whether there was evidence to support the conviction in this case. We hold there was ample testimony to support the verdict of the jury.

Before entering upon trial, the appellant moved for a continuance because of the absence of two witnesses. It appears that the names of the witnesses had been given to the clerk of the court to be subpoenaed for the trial less than two days before the day of trial. There is nothing in the record to show whether or not the witnesses had been served or whether they were in the jurisdiction of the court. It further appears no compulsory process for the attendance of the witnesses was requested by appellant. (Presuming they had been served with a subpoena.) The record is also silent as to whether a showing was made as to what the testimony of the witnesses would be if present and there is no indication whether the court was apprised of this information.

It is well settled that the question of continuance in the trial of a case rests in the sound discretion of the trial court and his ruling will not be disturbed on appeal in the absence of gross abuse thereof. Alabama Digest, Volume 6A, Criminal Law ☞586 in which many cases to this effect are collected.

Before a court can be put in error for refusal to grant a continuance because of the absence of witnesses, the record should show service of process on the witnesses, issuance of a compulsory process by way of attachment or that witnesses were in the jurisdiction of the court, and a proper showing made to what the witness would swear if present. Sparks v. State, 46 Ala.App. 357, 242 So.2d 403.

The appellant, whose attorney filed a comprehensive, well organized and full brief in this cause, urges that the trial court erred in its oral charge to the jury in certain aspects set out in brief. This matter was not properly before the court in the absence of some exception to the charge or some requested written charge or charges covering these points and refused by the court. The record does not reflect either an exception or refused requested written charge directed to the alleged errors.

If the trial court is in error in what it says in its oral charge, the remedy is only by exception thereto made in open court and before the jury retires. Passmore v. State, 47 Ala.App. 189, 252 So.2d 115; Ennis v. State, 37 Ala.App. 716, 76 So.2d 183.

If the trial court's oral charge to the jury is not as full and instructive as the defendant's counsel desires, his remedy is to request written charges explaining his theory of the case.

And if the defendant believes that there is an omission or failure to cover certain principles in the oral charge, he should request written instruction be given as to such omitted principles. Patton v. State, 39 Ala.App. 308, 98 So.2d 621; Waller v. State, 35 Ala.App. 511, 49 So.2d 232; Passmore v. State, supra. However, in passing we may observe we see no error in the court's oral charge in the case at bar.

The record shows certain objections to the argument of the district attorney but neither the language nor the substance of the argument is set out and, therefore, we are in no position to rule on this matter and we cannot say that the court was in error.

We have searched the record for error and find none of a reversible nature. The case is due to be, and is, hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.