310 So.2d 509

Oscar Lee **JOHNSON**

v.

**STATE.**

**6 Div. 773.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

James H. Hard, IV, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of robbery and his punishment fixed at imprisonment in the penitentiary for 50 years.

The pertinent facts are accurately stated in brief of appellant's counsel. We will copy this delineation (adding thereto a short statement of appellant's defense testimony).

"The evidence presented at the trial tends to show and the record indicates the following: Mary M. Johnson, an office worker at First National Mortgage Company, located at 1715 Third Avenue North, Birmingham, Alabama, on December 5, 1972, was present at the mortgage company when some unusual events occurred.

Ms. Johnson testified that at approximately 1:05 p. m. two men entered the mortgage company and one of them threw a gun across the counter while the other proceeded to the rear of the office and pulled the telephone out of the wall. The witness testified that the appellant stood at the counter with the gun and handed the witness a brown paper bag which she, subsequent to the appellant's command for money, began to put money into while the other man went to the rear of the office. After putting between eight and nine hundred dollars into the bag she was forced into an office with other witnesses after having given the bag of money to Oscar Lee Johnson.

Ike Todd, a janitor for First National Mortgage Company, testified that he was sitting at a desk in a back room of the mortgage company when a man with a gun summoned him to an office nearer the front of the building and told him that a hold-up was in progress. Todd then testified that he was forced into an office where he observed the appellant near the counter with a gun. Todd further observed Ms. Johnson and a Ms. Hulsey sack the money.

Ted McCoy, a police officer with the City of Birmingham Police Department,

testified that an individual informed him that it appeared a hold-up was occurring in the First National Mortgage Company and after the conversation McCoy entered the mortgage company building. Upon entering the building McCoy testified he saw two men with pistols, one of whom was the appellant, and that the appellant then relieved the police officer of his pistol and walkie-talkie, handcuffed him and took him to a rear office where he was left.

Ms. Billie Hulsey, an accountant whose office is behind the First National Mortgage Company's building, testified that she was present at the mortgage company when the robbery took place. Ms. Hulsey essentially verified the testimony of the other witnesses concerning the appellant's involvement in the robbery and also stated that she was instructed to put money into a paper bag and then made to go to a rear office with other witnesses. Ms. Hulsey further testified that after the witnesses had been made to go to the rear office, one of the robbers began to holler about police and the two broke and ran out the front door.

Paul A. Price, employed as a detective sergeant with the City of Birmingham Police Department, said that he and his partner, Sergeant Bibb, received a communication via the radio in their unmarked car that a robbery was in progress in the Third Avenue North area. The two officers proceeded down Third Avenue North and observed two men exit a loan company and the witness said one of the men ran in the direction of the officers' unmarked car. This man was identified by Price as the appellant, Oscar Lee Johnson. Price said he shouted at Johnson to hold it but Johnson continued to run. According to the witness's testimony Sergeant Bibb then got out of the police car and gave chase to appellant on foot while Price made a U-turn and followed Johnson in the car. Price said he passed Bibb who on foot had overtaken Oscar Lee Johnson himself and at that time Price pulled up, put the brakes on, got out of the car and saw that the ap-

pellant had a .38 caliber revolver in his hand. At this time Price said he pulled his own pistol and pointed it at Oscar Lee Johnson, whereupon Johnson threw his own gun into the gutter and Sergeant Price placed him under arrest."

The appellant testified in his own behalf and denied any connection with the alleged robbery. By his testimony he presented an alibi in which he claimed he was some distance away from the place of the alleged robbery, in the presence of his wife and several other people, when he was accosted by one of the officers testifying for the State and at that time he fled. He admits that he was later arrested and had a pistol in his possession at the time of his arrest, which he was carrying for protection from the police. He did not give the names of the others present when he was first hailed by the police officer, but did say that his wife was living in Atlanta at the time of the trial. He indicated that his mother, who was a sickly person, lived in Birmingham and knew how to get in touch with some of the witnesses that he desired.

At the conclusion of the testimony presented by the State, the appellant made a motion to exclude all of the State's evidence on the ground that it did not make out a case of robbery. This motion was overruled by the court.

■   Robbery is defined to be the felonious taking of money or goods of value from the person of another, or in his presence, against his will by violence, or by putting him in fear. Staggs v. State, 51 Ala.App. 203, 283 So.2d 652.

■   It is obvious that the testimony presented by the State made a prima facie case of robbery and the court properly submitted the case to the jury on a question of fact.

No error appears in overruling the motion of appellant to exclude the testimony.

Before proceeding to trial the appellant moved the court for a continuance on the grounds that he was unable to procure the

testimony of certain witnesses, because of the limited time in which he and his counsel had to prepare the case. The motion was heard by the court, out of the presence of the jury, and overruled.

The record shows that the appellant was indicted on the 9th day of February 1973 by the grand jury of Jefferson County for robbery. Based upon a finding of indigency the court appointed Honorable Ed Zanaty on the 16th day of February 1973 to serve as counsel for appellant in this case. After arraignment on March 2, 1973, at which time a plea of not guilty was entered, the case was first set for trial on April 2, 1973 and passed from time to time to May 20, 1974. After the voir dire hearing on the motion for a continuance on May 20, 1974, the court passed the case over for trial to the next day in order to allow appellant's attorney further time to try to find the alleged witnesses desired by appellant, in which undertaking he was assisted by appellant's mother. The trial occurred on May 21, 1974. It appears from the record on a previous appearance of the appellant, with his attorney, in the court that his mother had also been present and apparently could have given what information she had to appellant's attorney at that time. Appellant complains he was not given time on further court appearances in court to confer either with his attorney or relatives, but gave no explanation why he did not furnish this information to the attorney or his mother through the mail.

■ The record further shows that neither the names of the witnesses desired nor what they would testify if present, either specifically or in substance, was given to the court; but, in fact, the appellant refused in open court to give this information when the suggestion was made for him to do so by the court.

He further claims that he was dissatisfied with his attorney and did not want to be represented by him, but offered no proof of incompetency on the part of the attorney. The record reflects a competent discharge of his duties in the trial of this case by Mr. Zanaty.

Appellant argues that since neither he nor his attorney had ample time to secure witnesses in his favor he was not accorded a fair trial under the 6th Amendment to the Constitution of the United States and cites Rodgers v. State, 144 Ala. 32, 40 So. 572.

He further argues that the accused has the inherent right to enjoy the effective assistance of counsel in a criminal proceeding and cites the cases of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932).

We have read Rodgers v. State, supra, but are not persuaded that it is controlling in this case. That case requires among other things that on a motion for continuance based upon the absence of a material witness the court should be informed as to what was expected to be proved by the witness "so that the court might judge as to [the] materiality [of the witness] and as to whether the application was bona fide".

In the case of Sparks v. State, 46 Ala. App. 357, 242 So.2d 403, this court said:

"The motion for a continuance was addressed to the sound discretion of the trial court, whose action is not reviewable unless gross abuse is shown. Denial of continuance is not a palpable abuse of discretion in the absence of a showing as to what the witness would testify. Brand v. State, 13 Ala.App. 390, 69 So. 379; Hudson v. State, 217 Ala. 479, 116 So. 800." See also the case of Bonner v. State, 52 Ala.App. 346, 292 So.2d 460.

■ We are aware of the well established principles of law laid down in Gideon v. Wainwright, supra, and Powell v. Alabama, supra, but under the circumstances we see no reason from a consideration of the record in this case to hold that counsel for appellant did not render effective assist-

ance to the appellant as was his duty. It appears to the court that the appellant was not cooperative with his counsel and exhibited a negative attitude, not justified, to his court appointed attorney. It appears the appellant was derelict in his duty to give whatever information he had concerning his witnesses to his counsel and that he had ample time to get in touch, at least by mail, with his counsel, and surely this is so when he appeared in court on more than one occasion with the same counsel.

We see no merit in his motion for a continuance and no error on the part of the court and its ruling thereon.

We have examined the record and find no error in any of the rulings of the court on the testimony—in fact, most of the rulings were favorable to the appellant. Having found no error of any kind in the record, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.