331 So.2d 420

**Matthew WINDLE**

v.

**STATE.**

**3 Div. 483.**

Court of Criminal Appeals of Alabama.

April 20, 1976.

George H. B. Mathews, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Jane LeCroy Robbins, Asst. Atty. Gen., for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

The only question presented by appellant is whether the judgment of conviction should be reversed by reason of the omission from the court's oral charge (to which there was neither an objection nor an exception) of the principle that the presumption of innocence attends defendant *as a matter of evidence.*

Appellant leans heavily upon *Davis v. State*, 284 Ala. 135, 222 So.2d 719 (1969), in which it was held that the refusal to give a written charge that defendant " . . . is presumed by law to be innocent, and that presumption of innocence attends him, as a matter of evidence . . ." was reversible error, in the absence of a covering of the principle by some portion of the court's oral charge or by some given written charge.

Neither in the oral charge nor in any written charge given in this case was it stated that the presumption of innocence attends a defendant *as a matter of evidence.*

Appellant cites *Jones v. U. S.*, 113 U.S. App.D.C. 352, 308 F.2d 307 (1962); *U. S. v. Levy*, 153 F.2d 995 (3d Cir. 1946); *Findley v. U. S.*, 362 F.2d 921 (10th Cir. 1966), in support of his contention that even in the absence of a request for a particular instruction and in the absence of any objection or exception to the court's oral charge, there can be an omission of such important principles as to necessitate a reversal. In *Jones* and *Findley*, there was a failure to make it clear to the jury that the burden of proof was upon the state to convince the jury beyond a reasonable doubt of the existence of a particular essential element of the crime charged. Although the trial court charged generally on the necessity for proof of the crime charged beyond a reasonable doubt, the charge as a whole could have reasonably been construed to the effect that it was not necessary to prove beyond a reasonable doubt the existence of one particular essential element thereof. In *U. S. v. Levy, supra*, it was said:

> "The case appears to have been tried to the jury upon the inadvertent assumption of both court and counsel that if the whiskey was sold above a certain price the sale would be illegal. But the basis for the illegality was never given to the jury."

The crime charged in the instant case was murder in the first degree. The defendant was convicted of murder in the second degree. The court charged fully and correctly as to the elements of murder in both degrees and manslaughter in both degrees. The court stated in its oral charge:

"Now, we will move to the questions of law that are applicable in this factual situation this defendant is charged in an indictment; a document I display to you at this time. It is a written document. This written document is nothing more than the form used to record a charge against a defendant. It is not evidence for or against anyone. And when someone is charged with an indictment with a criminal offense, they are immediately presumed to be innocent. Everyone charged in our system with the commission of a crime is presumed innocent of that crime. That presumption of innocence places, therefore, upon the prosecuting authorities—the people bringing the charge, which in this case is the State of Alabama claiming that this defendant is guilty of the offense of murder, and that such an offense is against the peace and dignity of the State of Alabama. Now that prosecuting authority is immediately placed, also, with a burden. That burden is designed to overcome the presumption of innocence. And the burden of proof is in effect, to say that the evidence must convince the jury beyond a reasonable doubt before that presumption of innocence is overcome and before the jury would be authorized to return a verdict of guilty. That expression, beyond a reasonable doubt, is the measure of proof required in our system of law as it pertains to criminal matters. To, once again, successfully meet the burden of proof imposed upon the authorities—namely, the State of Alabama—and, also, to overcome the presumption of innocence."

Immediately thereafter, almost two record pages of the charge are devoted to the necessity for the jury to be convinced by the evidence beyond a reasonable doubt of defendant's guilt and an explanation of the term "reasonable doubt."

We would readily go as far as *Davis v. State, supra,* but we can go no further. We have no authority for the proposition that the importance of the principle that the presumption of innocence attends defendant *as a matter of evidence* is so transcendent as to make it impervious to well established rules governing trials of criminal cases. If a party desires the trial court to extend its oral charge to cover some particular principle of law, his remedy is to request a written charge on the subject. *Smith v. State,* 53 Ala.App. 657, 303 So.2d 157; *Gray v. State,* 52 Ala.App. 481, 294 So.2d 448; *Bonner v. State,* 52 Ala.App. 346, 292 So.2d 460, cert. denied 292 Ala. 713, 292 So.2d 463; *Edwards v. State,* 51 Ala.App. 433, 286 So.2d 308, cert. denied, 291 Ala. 777, 286 So.2d 313.

We have searched the record for any error prejudicial to defendant and have found none.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

AFFIRMED.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.