CAMPBELL, Circuit Judge.
The Defendant, who, as an indigent, was represented by Court appointed counsel at trial, and by other Court appointed counsel on appeal, appeals to this Court from a judgment of conviction, based upon a jury verdict, of murder in the first degree, with a life sentence.
I.
The homicide arose out of, or was incident to, a bar-room brawl at the Sea Horse Tavern in Bessemer, Alabama. Two American-Indians were killed by gunshot wounds in the difficulty. The victim in the present case was a 16 year old girl who was six months pregnant at the time, and who died as a result of a gunshot wound that severed the spinal cord in the area of the neck.
The State’s evidence was to the effect that the Defendant shot the deceased’s husband as he was going out the door of the tavern, and that when the deceased screamed, the Defendant turned and fired at the deceased, who was not involved in any difficulty with the Defendant in any manner. The Defendant also made threatening gestures with a pistol and oral threats to other persons in the room, according to the evidence of the prosecution. The defense was that the Defendant did not shoot anyone, or at anyone, and that, in fact, he did not have a weapon in his possession, until after the shooting. When asked if the deceased threatened him, the Defendant stated “called me a baldheaded son-of-a-bitch”.
II.
Two issues are raised by the Appellant in his brief. The first issue is set out by the Appellant as follows:
“It is reversible error for the Trial Court to allow the State to present evidence disguised as rebuttal evidence after resting its case against the Defendant, when such evidence does not fall into the classification as being rebuttal evidence”
This is the result of the testimony of Police Officer Guinn, who arrived on the *115 scene approximately one minute after the shooting, concerning the position of the Defendant at the time of the Officer’s arrival and the Defendant’s activity relative to a pistol in his possession at that time. This witness was called after the Defendant had rested his case. The Defendant had testified that he did not shoot anyone and that he did not have a gun in his possession at the time of the difficulty, although he said he picked up a gun from a table after the people were shot. He further stated that he did not point the gun at anyone, or threaten anyone with the gun, and described, apparently in some detail, the position of the gun in his hand, and the “delivery” of the gun to the officers (according to the Defendant’s version), or the “taking” of the gun by the officers (according to the State’s version).
The testimony of Officer Guinn was clearly admissible at this stage of the proceedings. The admission of evidence offered at the rebuttal stage of a trial is discretionary with the Court, and may be properly admitted, even though such evidence would have been admissible as evidence in chief by the State. Blackwell v. State, 264 Ala. 553, 88 So.2d 347, and numerous cases found in Alabama Digest, Criminal Law, <®=684.
III.
The second issue, according to the Appellant’s brief is:
“It is reversible error for the Trial Court to refuse to instruct the Jury as to all degrees of homicide including manslaughter when such charges are requested”.
A colloquy between the Court and Defense Counsel is set out in the transcript (R.P. 81), at the end of the Court’s oral charge, as follows:
Are there any exceptions to my charge?
Mr. Jordan: Could I approach the Bench?
The Court: Yes
Mr. Jordan: You are not charging on manslaughter?
The Court: No, I am not charging on manslaughter.
Mr. Jordan: May I take an exception to that?
The Court: You may take exception.
Clearly, the evidence would not warrant a charge on manslaughter, second degree. Fulghum v. State, 291 Ala. 71, 277 So.2d 886.
While the safer procedure would be to charge on manslaughter in the first degree in most homicide eases, the law does not require this where there is no reasonable theory from the evidence to support such charge. Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Fulghum v. State, supra.
The presence of malice distinguishes murder from manslaughter in the first degree, and if the killing is done maliciously, it is murder. Harold v. State, 12 Ala.App. 74, 67 So. 761. The intentional use of a deadly weapon raises an inference of malice, and this inference prevails unless the circumstances incident to the killing rebut that inference. Caldwell v. State, 203 Ala. 412, 84 So. 272. In this case the facts do not rebut this presumption. The Defendant either killed the deceased under the circumstances that would constitute murder, or he did not kill her at all.
The Court instructed the Jury on murder in the first degree and murder in the second degree. The Jury found the Defendant guilty of murder in the first degree.
IV.
This issue was not properly presented to the Trial Court, and is not properly before this Court for review.
The proper way to raise the question of the failure of the Court to charge on a lesser included offense is by a written requested charge, and not by exception to the Court’s oral charge. Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692, cert. denied 250 Ala. 409, 34 So.2d 700.
This Court so held as recently as April 20, 1976 in the case of Windle v. State, Ala.Cr.App., 331 So.2d 420. Upon first impression there is a statement contained in the opinion in the case of Fulghum v. State, *116 291 Ala. 71, 277 So.2d 886, that might indicate a different rule. The present case can readily be distinguished from the Fulghum case. In the Fulghum case the Court said, as part of its oral charge, “but I will not charge you on manslaughter in the second degree”. The Defendant excepted to this portion of the Court’s charge. In that case the Court had charged on manslaughter in the first degree.
In the case before us, the statement was not a part of the Court’s oral charge, and the exception would have applied to both manslaughter in the first degree and manslaughter in the second degree.
This case is a good example of the necessity for the rule set out in Lovejoy, supra. The manner in which this question was presented to the Trial Court leaves a great deal to one’s imagination as to specifically what the Defendant was excepting to, or, more importantly, what action he wanted of the Trial Court. At the best, the Defendant excepts to the Court’s failure to charge on manslaughter. Would this include both degrees of manslaughter? What, specifically, did the Defendant wish the Court to charge on manslaughter?
We quote Justice Bloodworth in his concurring opinion in Ex-parte: State of Alabama (Re: State of Alabama v. Burns), Ala., 327 So.2d 927, rendered March 5, 1976:
“The Supreme Court of Alabama has never reversed a Trial Judge, to my knowledge, for failing to instruct. When a Trial Judge’s instructions are not as full as the Defendant’s Counsel desires, the remedy is to request instructions explaining Defendant’s theory of the case. Smith v. State, 262 Ala. 584, 80 So.2d 307”.
V.
There was no motion for a directed verdict, no request for written charges, and no motion for a new trial. There was a motion made to exclude the evidence, but this came long after the State had rested its case, and after the Defendant had presented his first, of two, witnesses. Even if such motion had been timely made, the evidence clearly supports the verdict.
The Appellant has cited no Alabama cases in support of the issues raised by him in his brief.
The Court has searched the record and finds no error therein prejudicial to the Defendant.
The foregoing opinion was prepared by Honorable W. Loy Campbell, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13 Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur, except CATES, P. J., who did not participate.