Possession of heroin; sentence: fifteen years imprisonment.
At the beginning of the jury selection process, the following occurred:
 "(Whereupon, on April 19, 1977, a jury venire was brought in, sworn by the Clerk, and during the qualifications, the following objection was made:)
 "THE COURT: I will give you both a couple of minutes now before we start. When the State is ready, let me know.
 "MR. PIERSON: Judge, are we going to identify the jury?
"THE COURT: We have already identified them.
"MR. BODIFORD: I don't believe we have, Your Honor.
 "THE COURT: I have already had the jury stand to be identified. I think you were late for that, Mr. Bodiford.
 "MR. BODIFORD: Your Honor, you had the jury identified before I came?
 "THE COURT: You were not here, Mr. Bodiford, and you were not present when the jury was identified. I am not going to have them re-identified. You may note your exception to the Court's ruling for the record.
"MR. BODIFORD: Yes, sir, I do.
 "THE COURT: It will be so noted by the Court Reporter.
 "(Whereupon, a jury was struck; and sworn by the Clerk; and the following proceedings were had and done:) . .."
Appellant is an indigent represented at trial below and on appeal by court-appointed counsel.
Counsel for appellant contends, in brief, that the trial court's refusal to have members of the venire identified forced him, "to strike a petit jury from a list of names without knowing which names belonged to the individual sitting in the jury panel." He contends this violated the appellant's right to effective assistance of counsel as guaranteed by Article I, § 6, *Page 722 
Constitution of Alabama 1901, the Sixth Amendment, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We agree.
The Sixth Amendment right to effective counsel as set out inPowell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158
(1932), applies to the states via the Fourteenth Amendment.Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799
(1963). That right applies to all criminal prosecutions where a defendant's loss of liberty is at stake. Argersinger v. Hamlin,407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The right to counsel attaches, "at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877,32 L.Ed.2d 411 (1972). The right to effective representation of counsel applies at all critical stages of a trial, including arraignment, White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050,10 L.Ed.2d 193 (1963), Hamilton v. Alabama, 368 U.S. 52,82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and preliminary hearing, Coleman v.Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The Alabama Constitution affords no less protection to its citizens than that afforded by the United States Constitution.
Alabama law provides that the defense and the prosecution be furnished with a list of all regular jurors impaneled for the week from which they shall strike a jury. Section 12-16-100, Code of Ala. 1975. In many counties, especially in rural areas, attorneys are familiar with every prospective juror listed and no identification of the venire is usually requested. However, in more heavily populated urban areas, identification of the venire is a customary and normal part of the jury selection process.
Although identification of the individual veniremen is not specifically required by statute, we know of no way counsel can effectively and intelligently strike from a list of prospective jurors without being able to identify by sight the individuals listed.
The State contends that since it is not mandated by statute, identification of the venire is merely a courtesy extended by the trial courts to the parties. That argument seems analogous to the State's contention in Coleman v. Alabama, supra, that since a preliminary hearing after indictment was not statutorily mandated, there was no error in refusing counsel to the defendant at such a hearing. The United States Supreme Court did not agree with that argument in Coleman, and neither do we in the instant case. We would define the issue here the same as the United States Supreme Court did in the Coleman
case. The issue is not whether a statutory provision was violated, but whether the appellant was required to participate in any critical stage of his trial without counsel or without effective assistance of counsel.
There is hardly a more critical stage of trial than the process of striking a jury. For that reason, the trial court's refusal to have the venire identified for defense counsel amounts to a denial of effective assistance of counsel in this instance. To strike from a list of faceless names, without knowing which individual was being stricken, renders the process of striking a jury ineffective and defeats the whole purpose of the struck jury system. But more importantly, we find that the trial court initially proceeded to identify the venire prior to the defense counsel's arrival in court. This caused the defendant to enter into a critical stage of his trial without the benefit of counsel whatsoever. The appellant is therefore entitled to a new trial in which he must be represented by counsel during all critical stages.
Reversed and Remanded.
All the Judges concur. *Page 723