[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1305 
Zeigler was convicted of second degree forgery in May, 1980, and sentenced to eight years' imprisonment. His conviction was subsequently affirmed without opinion by this Court in October of 1980. Subsequently, Zeigler filed a petition for writ of error coram nobis. In May of 1983, this Court set aside our prior judgment and reinstated Zeigler's appeal on proof that he had been denied an appeal of his conviction through no fault of his own. Zeigler v. State, 432 So.2d 542 (Ala.Cr.App. 1983). The only issues raised by Zeigler in his renewed appeal concern the alleged denial of his constitutional right to the effective assistance of counsel.
 I
Zeigler contends that he was denied the assistance of counsel during the striking of the jury.
We recognize that the striking of the jury is a critical stage of any trial and carries with it the right to the effective representation of counsel. Ford v. State,356 So.2d 720 (Ala.Cr.App.), cert. denied, 356 So.2d 723 (Ala. 1978). It is patently clear from the record, however, that Zeigler himself was responsible for his lack of counsel at this time.
Before the jury venire was brought into the courtroom, Zeigler told the trial judge that he did not wish to be represented by his court appointed attorney, Mel Burns. After ascertaining that Zeigler had not retained other counsel, although he had had over six months to do so, the trial judge questioned him as to his age, educational level, and prior experience with the judicial system. He then asked Zeigler if he felt he had learned enough to represent himself, to which Zeigler responded affirmatively. After cautioning Zeigler as to the dangers of self-representation, the trial judge stated that he would keep Burns in the courtroom in case Zeigler needed his assistance.
Upon sending for the venire, the judge asked Zeigler if he were going to strike the jury and Zeigler replied that he was not. Zeigler further stated: "I don't want him (Burns) striking it." Faced with a situation that he termed a "sit-down strike", the trial judge stated that he would strike the jury and explained to Zeigler that he would do so in a purely numerical fashion, merely striking the next person on the list. Zeigler indicated that he understood what the judge was going to do.
After the venire was present in the courtroom, Zeigler stated that he was not representing himself and that he "(did) not need the assistance of Mr. Burns", and a discussion with the trial judge ensued. Zeigler informed the judge that he was not capable of representing himself, but maintained that he had relieved Burns from the case. The trial judge asked, "Do you want to strike the jury under those circumstances, Mr. Burns, or shall I?" Burns replied that he preferred the judge to do so. The judge then asked Zeigler who he wanted to strike the jury. When Zeigler replied that "it doesn't matter", the judge proceeded to strike the jury in Zeigler's behalf.[1] *Page 1306 
These facts clearly show that the defendant was not denied
the assistance of counsel during the jury selection process, but, rather, through his own conduct, prevented his court-appointed attorney from participating in the process. In view of Zeigler's unequivocal statement to the court that he did not want Burns striking the jury and his repeated insistence that he did not need Burns' aid, we fail to see how Burns could have done anything other than request the court to strike the jury. If Zeigler had changed his mind and wanted Burns to select the jury, he should have said so when asked who he wished to strike the jury. A defendant who refuses to allow his court-appointed attorney to strike a jury cannot then come before this Court and argue that he was denied the assistance of counsel during the jury selection process. Cf. Hance v.Zant, 696 F.2d 940, 950 (11th Cir. 1983) ("A defendant who chooses to represent himself cannot later complain that the management of his own defense amounted to a denial of effective assistance of counsel."); Johnson v. State, 54 Ala. App. 586,310 So.2d 509 (1975) (where defendant was uncooperative and neglected to give information to his attorney he could not later claim that he was denied effective assistance of counsel).
 II
Zeigler also claims that he was denied the effective assistance of counsel because Burns' representation was inadequate.
The Sixth Amendment guarantees to indigent defendants not only the assistance of counsel, but the effective assistance of counsel. See Ford, supra; Goodman v. State, 387 So.2d 862
(Ala.Cr.App.), cert. denied, 387 So.2d 864 (Ala. 1980). However, on the review of a coram nobis proceeding, counsel is presumed to be adequate, Sheehan v. State, 411 So.2d 824
(Ala.Cr.App. 1981); Summers v. State, 366 So.2d 336
(Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979), and the heavy burden of proving otherwise rests upon the defendant. Behel v. State, 405 So.2d 51 (Ala.Cr.App. 1981).
Effective representation of counsel does not require that counsel be errorless, Graham v. State, 403 So.2d 275 (Ala.Cr.App. 1980), writ quashed, 403 So.2d 286 (Ala. 1981), cert. denied,454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982), and a showing that counsel made a mistake unfavorable to the defendant is not sufficient to establish inadequate representation.Goodman, supra; Lewis v. State, 367 So.2d 542 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 547 (Ala. 1979). The defendant must show that the conduct of the attorney reduced the trial to a sham, farce, or mockery of justice. Bass v. State, 417 So.2d 582
(Ala.Cr.App.), cert. denied, 417 So.2d 588 (Ala. 1982), and cases cited therein; Sheehan, supra.
Zeigler argues that Burns' ineffectiveness is established by the following: (1) failure to conduct a voir dire of the jury venire and select a jury, (2) failure to move to suppress the in-court identification of the eyewitness, (3) failure to object to certain testimony, and (4) failure to submit written requested charges.
Part I of this opinion is dispositive of the first allegation and we see no need for further discussion of the issue. As to the remaining allegations, this Court recently noted that "counsel's failure to act, whether it is a failure to object, to make certain motions, or to request certain charges, does not of itself constitute inadequate representation. Rather, the attorney's failure to act must cause the trial to be reduced to a farce, sham, or mockery of justice." Woodyard v. State,428 So.2d 136, 138 (Ala.Cr.App. 1982), affirmed, 428 So.2d 138
(Ala. 1983).
The eyewitness making the identification was the bank teller to whom Zeigler was alleged to have presented a forged check. The record does not disclose whether she had made a pretrial identification. She testified that she had observed Zeigler for some three or four minutes while he *Page 1307 
was at her teller window. When she noticed that the check presented her was drawn on a construction company, she told Zeigler that her brother did construction work and asked him if he knew her brother. Her identification of Zeigler, which was unequivocal even under Burns' vigorous cross examination, was therefore shown to have a basis independent from any pretrial identification procedure and was properly admissible for that reason alone. Jackson v. State, 414 So.2d 1014 (Ala.Cr.App. 1982); Matthews v. State, 401 So.2d 241 (Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala. 1981). Counsel's failure to move to suppress an in-court identification which is properly admissible does not amount to ineffectiveness. See Bass, supra.Cf. Sheehan, supra (counsel's failure to move to suppress confession did not amount to ineffectiveness where he had inquired into the issue and determined that it was unlikely that the confession would be suppressed).
Objections to testimony are clearly a matter of trial strategy, Trammell v. State, 276 Ala. 689, 166 So.2d 417
(1964); Woodyard, supra, and, absent a clear showing of improper or inadequate representation, are to be left to the judgment of trial counsel. Hall v. State, 421 So.2d 1334
(Ala.Cr.App. 1982); Goodman, supra.
The court's oral charge adequately covered the legal principles involved in this case. The defendant does not contend otherwise, nor has he pointed to any supplemental charges which might have been appropriate. Moreover, we are of the opinion that requests for jury charges are included in the "practical questions" that an attorney must deal with in formulating trial strategy, see Trammell, supra, and, consequently, should be left to the trial attorney's judgment.Hall, supra; Goodman, supra.
Zeigler also argues that Burns "could not function in (his) defense" due to their irreconcilable differences. The record reflects that there was friction between the defendant and Burns. However, a defendant is not denied effective assistance of counsel merely by reason of a disagreement with his attorney. See Jacques v. State, 376 So.2d 821 (Ala.Cr.App. 1979); Johnson v. State, 54 Ala. App. 586, 310 So.2d 509 (1975); Annot. 2 A.L.R.4th 27, Section 15 (a) (1980). In addition, we note that the problems that existed appear to be largely of the defendant's making. A defendant who deliberately creates discord between himself and his court-appointed attorney will not be allowed to argue on appeal that this conflict denied him effective assistance of counsel. See Jacques, supra; Johnson, supra. Cf. Tate v. State, 346 So.2d 515, 521 (Ala.Cr.App. 1977) ("A defendant's freedom of choice of counsel may not be manipulated to subvert the orderly procedure of court or to interfere with the fair administration of justice.")
It is our judgment that Zeigler has fallen far short of establishing that Burns' conduct reduced his trial to a sham, farce, or mockery of justice thereby denying him his constitutional right of effective assistance of counsel. On the contrary, Burns' representation of Zeigler was commendable in view of the handicap imposed by Zeigler's belligerent and uncooperative manner. Our review of the record shows that Burns made opening and closing statements in Zeigler's behalf, effectively cross examined the majority of the State's witnesses, was successful in having Zeigler's confession suppressed, and made a timely motion to exclude the State's evidence. Burns also conferred with Zeigler a number of times during the trial and presented to the court several motions at Zeigler's request. Even applying the stricter Fifth Circuit standard of "reasonably effective assistance", Harris v.Oliver, 645 F.2d 327 (5th Cir. 1981), in evaluating Burns' representation, we find that Zeigler was not denied effective assistance of counsel.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Zeigler does not contend that the trial judge acted improperly or was without authority to strike the jury. We note that the legislature recently amended Section 12-16-100, Code of Alabama 1975, to include the following provision: "If any defendant shall refuse to exercise a strike to which he is entitled, then the judge presiding shall exercise that defendant's strike for him." 1981 Ala. Acts 1381, No. 81-788; 1982 Ala. Acts 267, No. 82-221. Although not in effect at the time of defendant's trial, it is clear that this amendment is intended to apply to situations of the type involved in this case. *Page 1308