ON APPLICATION FOR REHEARING

TAYLOR, Judge.
This court’s opinion of June 17, 1994, is hereby withdrawn and the following opinion substituted therefor.
The appellant, Carl Milton Harrison, Jr., was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced as a habitual felony offender to life imprisonment without the possibility of parole.
I
The appellant initially contends that when a prospective juror was questioned at the bench and out of his hearing, he was denied his right to be present during a critical stage of the proceedings against him.
The record indicates that during voir dire of the prospective jurors, the trial court asked if any of the potential jurors or anyone in their families had ever been prosecuted by the district attorney’s office. The judge required any juror who responded affirmatively to approach the bench to discuss the particulars out of the hearing of the other members of the venire, but also out of the hearing of the appellant and his counsel. The judge did not follow the normal procedure of taking the juror to chambers, where the accused, the accused’s counsel, the prosecutor, and the court reporter would be present. The record reflects that potential juror number 113 indicated that a member of her family had been prosecuted by the district attorney’s office and that that juror approached the bench as directed by the trial judge. Thereupon an *1136 off-the-record discussion took place between the judge and the potential juror out of the hearing of the appellant and his counsel. The court reporter did not record these proceedings. Therefore, it is not known what was said in the course of this dialogue. The following occurred after that discussion:
“The Court: All right, for the record, there is no question that I asked had anyone ever been convicted, any member of their family been convicted, that you may come up here, and there is no question that Mr. Arthur Madden [defense counsel] wanted to come wp here and there is no question I would not let him. I have followed that procedure and will continue to follow that procedure because I would not do anything to embarrass one of these jurors. This person came up to me and we all know anyhow — right, Mr. Madden?
“Mr. Madden: Well, we don’t know. We have our suspicions, that’s correct.
“The Court: Oh, you know. Her name is V.D. She came up and told me her son John had been indicted, and there’s not five people in this county that [don’t] know about it, but you knew that I was going to tell you this as soon as the jury left because you’ve tried many, many cases in this courtroom. But it’s in the record.
“Mr. Madden: What you are going to do-are going to do anything about what she told you, because I didn’t—
“The Court: I am not. She said she could sit as a fair and impartial juror and she felt no ill feeling toward the State of Alabama and she felt no ill feeling about that experience that she went through because of her son. She is not disqualified to serve.
“Mr. Madden: All right. Note my exception and I move to strike for cause.
“The Court: Denied.”
(Emphasis added.)
This court is aware that a trial court may “excuse or postpone the service of any prospective juror outside the presence of the parties or their counsel in accordance with the provisions for exeusal contained in section 12-16-63.” § 12-16-74, Code of Alabama 1975. However, §§ 12-16-63 and -74 address the general organization of the jury for the week and the consideration of excuses, such as illness, for excusing a summoned citizen from jury service or postponing that service. It does not apply to the circumstances of this case. The communication between the trial court and the potential juror in this case took place after the venire had been sworn and after voir dire had begun.
“A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.” Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987). This includes jury selection. See Rogers v. United States, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). “ ‘There is hardly a more critical stage of trial than the process of striking a jury.’ Ford v. State, 356 So.2d 720, 722 (Ala.Cr.App.), cert. denied, 356 So.2d 723 (Ala.1978).” Russaw v. State, 572 So.2d 1288, 1294 (Ala.Cr.App.1990). The appellant was denied the right to be present at a critical stage of the proceeding. It is not clear whether there was a case pending against the prospective juror’s son. It is reversible error for the trial judge to hold a conversation with a prospective juror during the jury selection process out of the presence and hearing- of the accused and his counsel. The fact that the court reporter did not record the private conversation between the trial judge and the prospective juror further aggravates the error, if possible.
After this court had released its opinion in this case, the state filed a motion to supplement the record stating that the record previously certified to as complete was, in fact, not complete. The clerk then produced a supplemental record indicating that this prospective juror had been struck by the state and did not serve on the jury.
The Alabama Supreme Court stated in Ex parte Jones, 520 So.2d 553, 554 (Ala.), cert. denied, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988):
“Having the questionable juror struck by the State left [the defendant] in a better position than he would have been in had the trial court granted his challenge for *1137 cause, because it left the State with one less strike. Any possible error here would clearly be harmless.”
While we see a detriment to the appellant even if the state did strike the prospective juror, upon the authority of Jemes, we are bound to hold that the court’s error was harmless.
II
. The appellant next contends that the trial court erred in denying his motion for a mistrial. Specifically, he contends that on the second day of the appellant’s trial, one of the jurors walked into the courtroom carrying a newspaper. The paper contained an article about the case. The judge stated for the record that he did not remember cautioning the jurors to avoid seeing or hearing media accounts of the case.
After the appellant made his motion, the court polled the jury individually to determine which jurors had read the article and whether those that had thought the article would influence their decision. One juror answered that he thought the article would affect his decision. The judge then asked the juror the following question:
“Now, since Mrs. Frazier has walked out with this paper and I have asked this question, could you sit there and return a verdict in this case based entirely upon the evidence or lack of evidence that comes from this witness stand, or would this [article] in some way influence you one way. or the other? It’s that simple.”
The juror answered that he could render a decision based on the evidence presented from the witness stand. Defense counsel questioned the juror. The juror told defense counsel that the information in the article that disturbed him was the comment that the appellant had fled to Texas. The court then noted for the record that there was evidence already in the record that the appellant had fled the jurisdiction after the crime.
The record reflects that the juror was extensively questioned and that he stated many times that he could try the case impartially based on the evidence presented from the witness stand.
To receive a fair trial “the jury’s verdict [must] be based on evidence received in open court, not from outside sources.” Sheppard v. Maxwell, 384 U.S. 333, 351, 86 S.Ct. 1507, 1516, 16 L.Ed.2d 600 (1966).
As this court has stated:
“Jurors should not be permitted, while in the discharge of their duty, to read a newspaper containing editorials or statements of fact pertaining to the trial calculated to affect their verdict. Leith v. State, 206 Ala. 439, 444, 90 So. 687 (1921); Flowers v. State, 402 So.2d 1118 (Ala.Cr.App.1981). However, the fact that a juror has read a newspaper in which the case is discussed does not entitle the defendant to an automatic mistrial. Flowers v. State, supra.
“ ‘Even where the jurors receive newspaper accounts of, or comments on, the case, the verdict will not be disturbed if ... the court is satisfied that none of the jurors was influenced thereby.’
“23 A C.J.S. Criminal Law § 1364 (1961).”
Wiggins v. State, 429 So.2d 666, 668 (Ala.Cr.App.1983).
We conclude that in this particular instance the trial court did not err in denying the appellant’s motion for a mistrial.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
APPLICATION OVERRULED;
39(k) MOTION DENIED;
AFFIRMED.
Ml the Judges concur.