166 So.2d 417

Billy Frank TRAMMELL

v.

STATE of Alabama.

8 Div. 152.

Supreme Court of Alabama.

June 25, 1964.

Billy Frank Trammell, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

LAWSON, Justice.

This is an appeal from a judgment of the Circuit Court of Marshall County which denied appellant's petition for a writ of error coram nobis.

The appellant, Trammell, was convicted of murder in the second degree in the Circuit Court of Marshall County in July of 1961. At his trial he was represented by two lawyers who were employed by him or by members of his family. No motion for a new trial was filed nor was an appeal taken from the judgment of conviction.

Trammell filed his petition for writ of error coram nobis in the Circuit Court of Marshall County in April of 1963. A member of the Marshall County Bar was appointed to represent Trammell at the coram nobis proceeding.

■ The petition for writ of error coram nobis, as amended, contained numerous grounds for relief. But at the hearing some of those grounds were apparently abandoned, as no evidence was offered in support of them. We will consider here only those grounds in support of which some evidence was offered at the hearing. Mere naked allegations that a constitutional right has been invaded do not suffice. Thomas v. State, 274 Ala. 531, 150 So.2d 387.

The grounds for relief relied upon at the hearing were: (1) That Trammell was without effective assistance of counsel at his trial; (2) that the coroner did not hold an inquest and never established the cause of death; (3) that Trammell was never served with a proper indictment setting forth the nature of the charges against him; (4) that the court erred in refusing to grant his motion for continuance; (5) that the court erred in excusing a member of the trial jury after the jury announced that it had reached a verdict but before the verdict was announced; (6) newly discovered evidence.

(1) The lawyers who represented Trammell at his murder trial are well-known, experienced and able members of the Bar of this state. One of the lawyers, Mr. Foster, has been engaged in the active practice of criminal law for more than thirty years. The other lawyer, Mr. Talley, a former circuit solicitor, is also well versed in the trial of criminal cases. The evidence adduced at the coram nobis hearing indicates that they represented Trammell in the murder trial with diligence and skill.

Trammell in support of his charge that he was without effective assistance of counsel, only specified that his counsel failed him in two respects: First, in failing to move for a change of venue; and second, in failing to request that the jury be polled.

No motion for change of venue was filed. In support of his contention that such motion should have been filed, Trammell introduced evidence to the effect that on or about December 22, 1960, Birmingham newspapers were circulated in Marshall County which contained untrue and prejudicial accounts of the shooting with which he was charged and that such accounts referred to Trammell as an ex-convict, when in fact he had never been previously convicted of a felony nor served any time in a state prison. These newspaper stories, according to Trammell's witnesses, were shown to his lawyers prior to his trial and they did not use them as a basis for a change of venue. The murder trial did not occur until the latter part of June, 1961, approximately six months after the publication of the news stories. One of the lawyers who represented Trammell at the murder trial testified at the coram nobis hearing

to the effect that he had been unable to ascertain any prejudicial effect of the news stories and knew of no reasonable ground upon which he could predicate a motion for a change of venue, hence no such motion was filed.

The trial court found from the evidence presented that the jury was polled and we are clear to the conclusion that the record before us fully supports such a finding. However, we do not want to be understood as indicating that the mere failure of counsel to request that the jury be polled is ground for relief by way of a petition for a writ of error coram nobis.

Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to seek a change of venue; whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of probable doubtful credibility or with a criminal record; whether to advise the defendant to take the stand and subject himself to cross examination; how to argue the case to the jury; whether the jury be polled. All these and more are practical questions and very real ones. Bad judgment, or even good but erroneous judgment, may result in adverse effects. They are simple facts of trial; they are not justiciable issues in a proceeding of this kind.

■ We have previously indicated that Trammell's counsel was of his own choosing or that of members of his family. Under such circumstances it has been stated that only if it can be said that what was or was not done by the defendant's attorney for his client made the proceeding a farce or a mockery of justice, shocking to the conscience of the court, can a charge of inadequate legal representation prevail. O'Malley v. United States, 6 Cir., 285 F.2d 733, and cases cited.

We hold that Trammell failed to substantiate his charge that he did not have adequate and effective assistance of counsel at his murder trial.

■ (2) The fact that the coroner did not establish the cause of death or hold an inquest does not require the setting aside of a jury verdict which is sufficiently supported by other evidence of the corpus delicti. Ex parte Ellis, 42 Ala.App. 236, 159 So.2d 862.

■ (3) Trammell testified that he did not remember being served with a copy of the indictment. But evidence offered by the State shows that he was so served. In fact, the evidence shows that the murder trial was delayed in order that one of his lawyers could send to his office for the copy of the indictment which Trammell had turned over to him.

■■ (4) The matter of continuance in a criminal case is addressed to the trial court's sound discretion, the exercise of which will not be disturbed on appeal unless clearly abused. Aaron v. State, 271 Ala. 70, 122 So.2d 360. No such abuse of discretion is shown in the record before us as would justify a reversal on appeal and certainly it falls far short of showing a right to have the judgment of conviction set aside in this proceeding. See Peaden v. State, 275 Ala. 72, 152 So.2d 136.

■ (5) The record before us supports the finding of the trial judge that no member of the jury was excused before the verdict of the jury was returned.

(6) The claimed newly discovered evidence would not in our opinion have affected the jury verdict.

■ There is nothing in the record before us which even slightly indicates that the judgment of the trial court here reviewed is not correct.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.