191 So.2d 517

Albert Grady KELLER

v.

STATE of Alabama.

6 Div. 316.

Supreme Court of Alabama.

Oct. 27, 1966.

Albert Grady Keller, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Albert Keller was convicted in the Circuit Court of Cullman County of murder in the first degree and was, on September 23, 1963, in accordance with a jury verdict, sentenced to life imprisonment. Keller was convicted of killing his wife. At his trial he was represented by counsel of his own choosing or that of a member of his family. There was no motion for a new trial and no appeal was taken.

On October 20, 1965, Keller filed a petition for writ of error coram nobis in the Circuit Court of Cullman County. A member of the Cullman County Bar was appointed to represent Keller in the coram nobis proceedings. The lawyer who was appointed made known to the court that he would like to be relieved of the assignment because of his close relationship to members of the victim's family. He was relieved and another member of the Cullman County Bar was appointed to represent Keller in the coram nobis proceedings.

After a hearing Keller's petition for writ of error coram nobis was denied and he was remanded "to the custody of the penal authorities of the State of Alabama at Kilby Prison."

Keller has appealed to this court from the order denying his petition for writ of error coram nobis. A free transcript has been provided but Keller appears here *pro se.*

Keller contends that the lawyers who represented him at his original trial were incompetent. In his original petition there was an allegation to that effect, but that allegation was removed by amendment after the appointment of the lawyer who represented him at the coram nobis proceeding. No evidence was presented in the proceed-ings here under review which even remotely tends to reflect upon the competence of the experienced lawyers who represented Keller at his original trial.

Keller also contends that the lawyer who represented him in the coram nobis proceeding was incompetent. This charge seems to be leveled simply because that lawyer drafted and filed the amendment which deleted from the original petition the averment that the lawyers who represented Keller on the original trial were incompetent. There is nothing in this record to indicate that the lawyer who represented Keller in the coram nobis proceeding acted in bad faith. For aught appearing, he acted in what he thought was the best interest of his client.

■ There is no ground for reversal in regard to Keller's insistence in brief that he was denied adequate legal representation. See Trammell v. State, 276 Ala. 689, 166 So.2d 417.

■ Keller asserts that the judgment of the trial court should be reversed because he was denied the right to present the testimony of witnesses who he says would have supported his claim of newly discovered evidence. There is no merit in this contention. The "Decree" recites: "The case being called, the *Petitioner* and his attorney informed the Court that he did not have any evidence to present and did not wish to testify himself." (Emphasis supplied.)

■ After he filed his petition for writ of error coram nobis, Keller on January 16, 1966, filed a petition seeking a free transcript of the evidence adduced at his original trial. The trial court sustained the motion of the State to deny and dismiss the petition for a free transcript. As we have shown, Keller was sentenced on September 23, 1963. He did not take an appeal and made no request for a free transcript until more than two years had expired from the date of his sentence. We are aware of no statutory provision

of this state nor any federal decision which would entitle Keller to a free transcript of the proceedings on his original trial under the circumstances.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.