BOWEN, Presiding Judge.
Cornelius Stanford, the appellant, was indicted and convicted for the possession of a forged instrument in the second degree in violation of Alabama Code Section 13A-9-6 (1975). Sentence was three years’ imprisonment. Stanford argues that he was denied his Sixth Amendment right to effective assistance of counsel because counsel withdrew her motion to suppress without consulting Stanford and because she did not object to anything during the trial.
In this state, the standard for constitutionally effective assistance of counsel continues to be the “farce or mockery test.” Taylor v. State, 291 Ala. 756, 760, 287 So.2d 901 (1973); Bass v. State, 417 So.2d 582, 583 (Ala.Cr.App.), cert. denied, Ex parte Bass, 417 So.2d 588 (Ala.1982); McKinnis v. State, 392 So.2d 1266, 1269 (Ala.Cr.App.1980), cert. denied, Ex parte McKinnis, 392 So.2d 1270 (Ala.1981). “The standard remains that appellant must show that the conduct of the attorney reduced the trial to a farce, sham, or mockery of justice.” Bass, 417 So.2d at 583. “In reviewing an effective assistance of counsel allegation, this Court examines the actual performance of defense counsel and does not blindly accept speculative claims, and determines on the basis of the totality of the circumstances and the entire record” whether constitutionally effective assistance of counsel was rendered. United States v. Phillips, 664 F.2d 971, 1041 (5th Cir.1981). The defendant bears the burden of proving that he was denied the effective assistance of counsel, Phillips, 664 F.2d at 1040, and that he was prejudiced by counsel’s ineffectiveness. Daniels v. Maggio, 669 F.2d 1075, 1078-84 (5th Cir.1982). A reviewing court will not second guess or question tactical decisions and the trial *169 strategies of defense counsel. “In the absence of a clear showing of improper or inadequate representation, such matters must be left to the judgment of trial counsel.” Hall v. State, 421 So.2d 1334, 1338 (Ala.Cr.App.1982).
I
Prior to trial, Stanford’s appointed trial attorney filed a motion to suppress the pretrial identification procedures and the in-court identification. A hearing was held on this motion during which three witnesses, including Stanford, testified. Following this hearing, defense counsel “withdrew” her motion to suppress before the trial judge ruled on the motion.
We find that this withdrawal of her challenge to the identifications did not render counsel ineffective. In order to prevail on a motion to suppress the in-court identifications, Stanford would have had to convince the court that the procedures employed, evaluated in light of the totality of the surrounding circumstances, were “so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.” Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The hearing produced no basis on which to find that the pretrial identifications were suggestive or improper. Even the total failure to object to an in-court identification does not amount to less than reasonably effective assistance of counsel where counsel’s failure to move to suppress was “the product of deliberate and informed decision, not oversight or inadvertence.” United States v. Smith, 551 F.2d 348, 353 (D.C.Cir.1976); Sheehan v. State, 411 So.2d 824 (Ala.Cr.App.1981); Bonner v. State, 389 So.2d 174, 176 (Ala.Cr.App.1980). Counsel’s failure to object to the identification testimony does not constitute ineffective assistance of counsel where there is “little likelihood” that the pretrial identification procedures were “suggestive enough to give rise to irreparable mistaken identifications”, Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980); Smith, 551 F.2d at 355-56; or where the pretrial identification is not suspect and “probably would not have been suppressed.” United States ex rel. Ortiz v. Sielaff, 542 F.2d 377, 380 (7th Cir.1976). “Counsel is not obliged to make every conceivable motion in the faint hope that one may succeed.” Smith, 551 F.2d at 354, n. 7. Counsel is not required to make futile or frivolous motions. United States v. Talavera, 668 F.2d 625, 632 (1st Cir.1982).
Defense counsel is not required to file a motion to suppress in every case in which a pretrial identification of the accused has been made. “On the contrary, counsel must exercise his best professional judgment in deciding whether there are sufficient grounds for filing a motion. Were this not so counsel would be required to file a motion to suppress in every case, to protect himself against a charge of incompetency.” United States v. Brown, 663 F.2d 229, 231 (D.C.Cir.1981) (involving a motion to suppress evidence obtained by a warrantless search).
II
It is true that defense counsel made no objection during the actual course of the trial. However, she did file a motion to produce and a motion to suppress, invoke the “rule”, make opening and closing arguments, cross examine witnesses, call witnesses in Stanford’s defense, and submit written requested charges.
Although “counsel is expected to perform as an advocate as opposed to ami-cus curiae”, J. Cook, Constitutional Rights Of The Accused: Trial Rights Section 45, at 147 (1974), the failure to object to the introduction of evidence does not automatically render counsel’s assistance ineffective. Trial Rights, Section 45, at 141 n. 60.
Generally, objections to testimony are clearly a matter of trial strategy. Trammell v. State, 276 Ala. 689, 691, 166 So.2d 417 (1964); Woodyard v. State, 428 So.2d 136, 138 (Ala.Cr.App.1982), affirmed, 428 So.2d 138 (Ala.1983). Counsel’s failure to object “does not of itself constitute inadequate representation. Rather, the attorney’s failure to act must cause the trial to be reduced to a farce, sham, or mockery of justice.” Woodyard, 428 So.2d at 138.
*170 In his brief, Stanford argues that “(t)he State’s attorney led her witnesses, got hearsay in, offered physical evidence, statements, photos, asked questions not based on fact, and on the whole, ran the show, but at no time can this writer ascertain defense counsel objecting to or contesting any of the evidence.” Despite this statement, no specific instance of counsel’s failure to object is cited. Here, as in United States v. Gibson, 690 F.2d 697, 703-04 (9th Cir.1982), Stanford neither made nor attempted a showing that trial counsel’s alleged errors prejudiced the defense. Claims of ineffective counsel based upon objections that should have been made often constitute nothing more than “Monday morning quarterbacking.” United States v. Beckman, 662 F.2d 661, 663 (10th Cir.1981). “The fact that counsel was not on his feet objecting to every question put by the prosecutor doesn’t prove counsel’s incompetence.” Beckman, 662 F.2d at 663. The failure to object to admissible evidence does not constitute ineffective assistance of counsel. United States v. Costa, 691 F.2d 1358, 1363 (11th Cir.1982).
We have searched the record and have found nothing so egregious as to constitute plain error.
“To return to defendant’s complaint of ineffective assistance of counsel, when the claim is premised on failure to object to evidentiary rulings ... we are reluctant to find ineffective assistance when the rulings by the court do not rise to the level of plain error. To do so would allow a defendant to whipsaw the government, claiming inadequate representation for failure to note objections when not saved by plain error. This is not to say that the cumulative effect of counsel’s failure to object to a number of clearly erroneous rulings could not demonstrate ineffective assistance even though there was no plain error.” United States v. DeWolf, 696 F.2d 1, 4 (1st Cir.1982).
Neither does our review of the record convince us that the cumulative effect of counsel’s failure to object to several improper questions by the prosecutor and answers by the witnesses demonstrate that counsel’s incompetency reduced the trial to a sham or mockery of justice.
Since whether to allow or disallow leading questions is discretionary with the trial court, Jones v. State, 292 Ala. 126, 128, 290 So.2d 165 (1974), trial counsel’s failure to object to the leading questions of the prosecutor will, usually, not amount to incompetence of counsel. Costa, 691 F.2d at 1363. Neither does counsel’s failure to object to hearsay always render counsel ineffective. Nelson v. Estelle, 642 F.2d 903 (5th Cir.1981).
The totality of the circumstances in considering what counsel did and did not do does not demonstrate that Stanford was deprived of the effective assistance of counsel. The trial was brief and simple. The testimony consumes only 54 pages of the transcript. The State’s case was based on the testimony of the bank cashier who stated that Stanford presented the forged check for payment. In her identification of Stanford, the cashier noted that he had a “gold-edged” front tooth and an “eye that wanders.” Stanford testified in his defense that he did not cash the check and denied that he was even present at the bank at the particular time. Four other witnesses verified Stanford’s alibi.
The Sixth Amendment does not require errorless counsel and counsel should not be judged ineffective by hindsight. Haggard v. Alabama, 550 F.2d 1019, 1022 (5th Cir.1977). The record simply does not demonstrate that Stanford’s trial was fundamentally unfair or that it was reduced to a sham, farce, or mockery of justice.
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, SAM W. TAYLOR and HUBERT TAYLOR, JJ., concur.
HARRIS, J., not sitting.