461 So.2d 869 (1984)
Jackie Curtis HAYNES
v.
STATE.
1 Div. 783.
Court of Criminal Appeals of Alabama.
May 8, 1984.
On Return to Remand November 13, 1984.
*870 Jackie Curtis Haynes, pro se.
Charles A. Graddick, Atty. Gen., and H.P. Nelson, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Haynes appeals the circuit court's summary denial of his pro se petition for writ of error coram nobis, as amended. This petition attacks the validity of Haynes's 1982 conviction for rape in the first degree for which Haynes was sentenced as a habitual offender to life imprisonment. This conviction was affirmed by this court on October 12, 1982. Haynes v. State, 424 So.2d 669 (Ala.Cr.App.1982).
In his petition, Haynes alleged that (1) he was denied effective assistance of counsel; (2) he was denied his right to subpoena witnesses; (3) his conviction rests upon insufficient evidence; (4) the prosecution used incorrect documents; (5) the trial court failed to charge on lesser included offenses; (6) the trial court allowed hearsay testimony into evidence; and (7) the trial court failed to charge the jury that if it was satisfied that the prosecutrix had been impeached, it could disregard her testimony.
The latter six grounds could have been raised on the appeal of Haynes's conviction. Such negligence constitutes a waiver of Haynes's right to contest the judgment on these grounds. Summers v. State, 366 So.2d 336 (Ala.Cr.App.1978), cert. denied, 366 So.2d 346 (Ala.1979). Coram nobis does not serve the function of *871 an appeal or a delayed appeal. Thigpen v. State, 374 So.2d 401 (Ala.Cr.App.), cert denied, 374 So.2d 406 (Ala.1979). Furthermore, the writ lies only to correct a judgment rendered by the lower court upon errors of fact unknown to the court and to the petitioner at the time of trial and so important that if the court had known of them at the trial, it would not have rendered the judgment. Summers, supra.
Notwithstanding the lack of merit of these six allegations, this court has no alternative but to reverse the judgment of the circuit court and remand this cause. The petition contains the allegation of ineffective assistance of counsel, which is supported by the following allegation of fact: (1) counsel made no attempt to present a defense; (2) counsel failed to request that the jury be charged on any lesser included offense when the evidence did not support the charge of first degree rape; (3) counsel made no objections to the introduction of hearsay testimony; and (4) counsel failed to move for a continuance so Haynes's witnesses could be present. Hence, Haynes should have been afforded a hearing on the merits. See Whitson v. State, 435 So.2d 230 (Ala.Cr.App.1983); Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981). Accordingly, this cause is remanded with directions that an evidentiary hearing be held at which Haynes is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.

On Return to Remand
PATTERSON, Judge.
Appellant Jackie Curtis Haynes filed a pro se petition for writ of error coram nobis, which was dismissed by the trial court without a hearing. The petition attacked the validity of Haynes's 1982 conviction for rape in the first degree for which he was sentenced as a habitual offender to life imprisonment without parole. The conviction was affirmed by this court on October 12, 1982. Haynes v. State, 424 So.2d 669 (Ala.Crim.App.1982). In his petition Haynes questioned the validity of his conviction on seven grounds, one of which was ineffective assistance of counsel. On appeal from the dismissal of the petition, this court held that the petition properly alleged ineffective assistance of counsel, but held that the other allegations were without merit. We held that the trial court should have granted appellant an evidentiary hearing on his allegation of ineffective assistance of counsel. We remanded the cause to the trial court with instructions to conduct such a hearing, with appellant in attendance and represented by counsel, and to file a return with this court. The trial court appointed competent counsel to represent appellant and conducted the hearing as ordered on October 1, 1984. Upon conclusion of the hearing, the trial judge found that Haynes had failed to prove ineffective assistance of counsel, and again denied the petition for writ of error coram nobis. Haynes now challenges this order. The trial court appointed the same attorney that represented him at the hearing to represent him in these post-remand proceedings, and ordered that he be furnished a free transcript. The return to remand has been filed and the record of the proceedings is now before us.
The record reflects that the trial court held a full hearing on the merits of Haynes's claim of inadequate assistance of counsel. Testimony was taken from the attorney that represented appellant in his rape trial in 1982, as well as from the appellant. This court has thoroughly reviewed the original trial record, as well as the record included in the return to remand.
Haynes contends that his counsel failed to file a pre-trial motion testing the sufficiency of the indictment; that appellant never saw or received a copy of the indictment; that counsel never explained the charge or advised him of the elements of rape in the first degree; that counsel made no attempt to present a defense; that counsel advised him not to testify in his own behalf; that he asked counsel to subpoena certain witnesses, but counsel failed to do; *872 that counsel made no factual investigation of his case and failed to do any legal research; that counsel failed to request the trial judge to charge the jury on lesser included offenses; that counsel failed to object to hearsay testimony; and that counsel failed to move for a continuance upon request of appellant when appellant discovered that certain witnesses that he had requested were not present at trial.
Haynes's defense counsel had been practicing law for eleven years at the time of appellant's trial, and sixty percent of his practice was handling criminal cases. He was initially retained to represent appellant in an early phase of the case and at the District Court level. He was later appointed to represent appellant, and represented him, at the Circuit Court trial and on appeal. He testified that he talked with appellant about his case several times before he was appointed and several times afterwards, and on each occasion spent from one-quarter to one-half hour with him. His time sheet or log, which was introduced into evidence, showed that he had spent a total of 2.6 hours with appellant. He testified that he investigated the case, talked with many people in the neighborhood where appellant and the prosecuting witness, Kim Cunningham, lived, and was familiar with the facts. He stated that he fully explained the elements of the offense to appellant on his first visit with him and read the applicable sections of the criminal code to him. Defense counsel filed numerous pre-trial motions, including motions to inspect grand jury minutes, to permit counsel to travel, and to produce incarcerated defendant. An extensive motion for discovery was filed and partially granted. A list of over thirty voir dire questions was filed by defense counsel. He made an opening statement, closing argument, requested numerous written jury instructions, made numerous objections to evidence offered by the State, and conducted extensive cross-examination of the State's witnesses. He spent approximately ten hours doing legal research. His fee declaration filed with the court shows that he spent 10.4 hours in court and 24.1 hours in preparation for trial. His log and fee declaration disclosed numerous interviews with prospective witnesses and conferences with appellant. Defense counsel did not remember any hearsay testimony that he did not object to. He did not request an instruction on lesser included offenses.
Appellant contends that his counsel failed to subpoena appellant's wife, Betty Haynes, and his stepdaughter, Missy Hamilton, after he had requested that they be subpoenaed. Although Betty Haynes is referred to in some testimony as appellant's wife, they were not married, but lived together. Appellant was under indictment for the rape of Missy Hamilton at the time of his trial for the rape of Kim Cunningham. Defense counsel had several meetings with Betty Haynes and her daughter prior to the trial, but Betty Haynes moved to Mississippi before the trial. She lost the custody of her daughter, Missy Hamilton, in a court proceeding prior to trial. Defense counsel made a diligent effort to contact her in order to get her to attend the trial and to serve her with a subpoena, but was unsuccessful. He wrote her several letters, but received no answer. The letters were not returned. He contacted the office of the District Attorney and they did not know her whereabouts and had been unsuccessful in trying to find her. He tried to contact her through the attorney that represented her in the child custody matter and was unsuccessful. He had a subpoena issued for her and it was returned marked "Moved, left no forwarding address". The appellant stated that he had corresponded with Betty Haynes and had talked with her on the telephone from the jail while awaiting trial, but obviously he could not persuade her to assist him in his defense. Defense counsel had concluded from his investigation that Betty Haynes would not make a credible witness for the appellant. Defense counsel testified that he talked with Missy Hamilton shortly after being retained and that she denied the incident involving her and the appellant, but later he interviewed Deputy McCants, the investigator, and learned from him that *873 Missy Hamilton had given a statement admitting that the incident occurred involving her and appellant for which appellant had been charged in another indictment. He tried to locate her again prior to trial, but was unable to find her. In his letter to her mother, he asked for information concerning her whereabouts, but received no answer. He asked appellant to try to locate her. Even if defense counsel had located Betty Haynes and her daughter, Missy Hamilton, and had been successful in getting them to attend the trial, it is doubtful that they would have been helpful to appellant. It appears that Betty Haynes was uncooperative and probably hostile toward appellant and with good reason. He was under indictment for raping her daughter. Even if the mother and daughter had been present, defense counsel would probably have been very reluctant to use them as witnesses. It is also doubtful that they possessed any information that would have been admissible in appellant's trial for the rape of Kim Cunningham. Defense counsel testified that he tried to subpoena every witness that appellant requested. He did not remember being asked to subpoena a doctor and he did not do so. If the appellant is referring to the doctor that examined the prosecutrix, Kim Cunningham, the trial record reflects that his testimony would have been very damaging to the appellant.
The defense counsel's efforts produced three witnesses who testified on behalf of the appellant. Two of them testified that the prosecutrix had a bad general reputation for truth and veracity, and one testified about a prior inconsistent statement allegedly made by the prosecutrix denying that the incident occurred.
Appellant's counsel advised him not to testify in his trial, but appellant refused to take this advice and testified. Counsel obviously felt so strongly about this that he made the fact that he had given such advice a part of the trial record. His reason for such advice was that appellant had previously been convicted of four felonies, grand larceny, forgery, grand larceny, and rape. The rape conviction occurred in 1975, and involved the rape of an eleven-year-old girl. The appellant claimed that he was innocent of the previous rape charge and that the alleged victim had recanted her story. Defense counsel made a diligent effort to locate this girl and otherwise determine if this were true. He was unsuccessful. Appellant admitted all four convictions on cross-examination.
Defense counsel spent considerable time plea-bargaining with the State. The State offered to recommend a twenty-year sentence in exchange for a guilty plea. Just prior to trial, appellant declined this offer. Defense counsel entered the plea-bargaining efforts in the record.
The indictment in the case was legally sufficient and a motion to quash would have been properly denied. The trial record shows that appellant was represented by counsel at arraignment and waived a reading of the indictment. Defense counsel did not recall the appellant's asking him to request a continuance when Betty Haynes and Missy Hamilton did not appear at trial. No request for a continuance was made. Under the circumstances the trial court would not have been in error in denying a motion for continuance at that time, and even if it had been granted it is highly unlikely that the delay would have been beneficial to appellant.
The defense counsel did not request instructions on lesser included offenses. A charge on a lesser included offense should not be given when there is no reasonable theory from the evidence to support such a proposition. Hollins v. State, 415 So.2d 1249 (Ala.Crim.App.1982). Lesser included offense instructions, generally, should not be given unless there is a rational basis for a verdict convicting the defendant of the included offense. Wyllie v. State, 445 So.2d 958 (Ala.Crim.App. 1984); Pennell v. State, 429 So.2d 679 (Ala. Crim.App.1983); Ala.Code 1975, § 13A-1-9(b). When the evidence clearly shows that the appellant is either guilty of the offense charged, or innocent, the charge on a lesser included offense is not necessary or proper. *874 Hollins v. State, supra; Cooper v. State, 364 So.2d 382 (Ala.Crim.App.), cert. denied 364 So.2d 388 (1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). The State's evidence made out a prima facie case of rape in the first degree. Ala.Code 1975, § 13A-6-61. The evidence showed that the appellant, being over sixteen years of age, engaged in sexual intercourse with a female who was less than twelve years of age. Sexual intercourse is defined as requiring penetration. Ala.Code 1975, § 13A-6-60. The prosecuting witness, Kim Cunningham, testified that appellant inserted his penis into her vagina and that the act of sexual intercourse continued for a period of about fifteen minutes. The appellant denied that the act ever happened. The evidence presented by the State demonstrated the completed crime, and nothing short thereof. No theory of the evidence would have supported a charge on any lesser offense included in rape in the first degree. There was no rational basis for a verdict convicting the appellant of a lesser included offense. Had defense counsel requested a charge on a lesser included offense, it would have been proper for the trial court to refuse the request. The failure to request a charge which would have been improper, and refused, certainly does not indicate any inadequacy or lack of diligence on the part of defense counsel.
Challenges based on the inadequate and ineffective assistance of counsel constitute grounds for coram nobis. Sheehan v. State, 411 So.2d 824 (Ala.Crim.App. 1981). Counsel is presumed adequate and the fact that the petitioner was convicted does not establish incompetency or lack of zeal. Sheehan v. State, supra. The heavy burden of proving otherwise rests upon the defendant. Zeigler v. State, 443 So.2d 1303 (Ala.Crim.App.1983). Effective representation of counsel does not require that counsel be errorless, and a showing that counsel made a mistake unfavorable to the defendant is not sufficient to establish inadequate representation. Zeigler v. State, supra. Objections to testimony and requests for jury charges are matters of trial strategy and, absent a clear showing of improper or inadequate representation, are to be left to the judgment of the trial counsel. Zeigler v. State, supra; Trammell v. State, 276 Ala. 689, 166 So.2d 417 (1964). A defendant is not denied effective assistance of counsel merely by reason of a disagreement with his attorney. Zeigler v. State, supra.
The United States Supreme Court in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established guidelines for the review of claims of deficient or ineffective counsel:
"Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."
Id., 104 S.Ct. at 2066.
"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.... Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."
Id., 104 S.Ct. at 2067.
"The defendant must show that there is a reasonable probability that, but for *875 counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
Id., 104 S.Ct. at 2068.
This case properly should be reviewed under the standards adopted in Strickland v. Washington, supra, and accordingly, this court has reviewed the record and briefs under those standards. Daniel v. State, 459 So.2d 948 (Ala.1984); Richardson v. State, 456 So.2d 1152 (Ala. Crim.App.1984). Based upon our review, we find that the appellant was well represented at his trial by constitutionally adequate and skilled counsel. He was thoroughly and competently represented at his trial for rape and also had proper counsel at the coram nobis hearing. These findings are fully borne out by the record in this cause. This appellant has failed to meet the burden of proof required in attempting to sustain the allegation of ineffective counsel. In the light of all the circumstances, it is clear that counsel was professionally competent. His performance fully measured up to the requirements necessary to make the adversarial testing process work in this case. We find no unprofessional errors that were prejudicial to the defense. We find no unprofessional errors by counsel which could have, with reasonable probability, caused the result of the proceedings to be different. We find nothing in the records to undermine confidence that the trial produced a just result. The appellant's counsel did the best he could with a difficult case. The record reflects that counsel had appellant's best interest in mind. If the testimony of the prosecutrix, Kim Cunningham, be true, appellant is guilty. The jury found him guilty. His conviction does not prove a lack of competence, skill, or zeal on the part of his counsel.
The judgment of the trial court denying the petition for writ of error coram nobis is due to be, and the same is hereby, affirmed.
AFFIRMED.
All Judges concur.