Gregory W. Saffold appeals from the denial of his petition seeking post-conviction relief under Rule 20, Alabama Temporary Rules of Criminal Procedure. This petition was denied by the trial court after the appointment of counsel for Saffold and a full evidentiary hearing thereon by the trial judge.
On April 16, 1983, in Coosa County, Alabama, the appellant and his wife, Betty Saffold, were engaged in a fight. The appellant struck his wife with a tire iron, which resulted in her death. The appellant then buried her body and fled in her automobile.
After the appellant was arrested on a separate charge in Talladega County, he led officials to the place in Coosa County where he buried his wife.
The appellant was indicted for murder and theft in the first degree, in violation of §§ 13A-6-2 and 13A-8-3, Code of Alabama 1975. The appellant was found "guilty as charged in the indictment" and was sentenced to life imprisonment plus ten years in the state penitentiary. On appeal, this court affirmed the appellant's conviction in an opinion reported as Saffold v.State, 485 So.2d 806 (Ala.Cr.App. 1986). The appellant did not seek further review in the Supreme Court of Alabama.
A pro se Rule 20 petition for post-conviction relief was filed with the Coosa County Circuit Court on May 9, 1988. A full evidentiary hearing, directly on the merits of the issues presented, was conducted, with appointed counsel to assist appellant. The trial court denied the appellant's Rule 20 petition on September 20, 1989. The trial court's order is attached as Appendix A to this opinion and is adopted in this opinion as herein noted. *Page 729 
 I
The appellant alleges that Mr. Jackson, his court-appointed attorney for his trial and his initial appeal, was ineffective and inadequate and that he thus was denied his Sixth Amendment rights under the United States Constitution. The appellant states three reasons why Jackson was ineffective: (1) He failed to ensure that a completed and corrected trial record was created and presented to the appellate court; (2) He failed to preserve certain issues for appellate review and did not raise on appeal these same issues; and (3) He failed to thoroughly investigate defenses.
In accordance with Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Baldwin,456 So.2d 129 (Ala. 1984), aff'd 472 U.S. 372, 105 S.Ct. 2727,86 L.Ed.2d 300 (1985), to prove the ineffective assistance of counsel, the petitioner must satisfy a two-pronged test. The appellant must show that: (1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness, and, (2) that the deficient performance prejudiced the defendant, which requires a showing that a different outcome of the trial probably would have resulted but for counsel's allegedly ineffective performance. See Johnson v.State, 557 So.2d 1337 (Ala.Cr.App. 1990). When an appellate court is deciding an ineffective assistance claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690,104 S.Ct. at 2066. See Carroll v. State, 462 So.2d 789, 790 (Ala.Cr.App. 1984).
 II
The appellant asserts that he was denied effective assistance of counsel because his court-appointed counsel failed to ensure that a complete trial record was created and presented to the reviewing court. Specifically, the appellant states that the following hearings were omitted from the transcript: (1) hearing on the motion to suppress, (2) hearing on the motion for change of venue, (3) the voir dire examination, (4) the jury charge conference, (5) hearing on the motion for judgment of acquittal, and (6) the sentencing hearing.
Rule 10(f), Alabama Rules of Appellate Procedure, reads as follows:
 "(f) Corrections or modification of the record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court."
Rule 10(f) acts as a safety valve to allow a party who has, by reason of "error or accident," failed to designate a material portion of the record to request the trial court or the appellate court to permit additional portions of the record to be designated. See Ex parte Edwards, 450 So.2d 464 (Ala. 1984).
In order to challenge the correction or modification of the record, the appellant must make a Rule 10(f) motion or otherwise request to the court that the record be corrected or modified. In Marsden v. State, 475 So.2d 586 (Ala.Cr.App. 1983), rev'd on other grounds, 475 So.2d 588 (Ala. 1984), where the appellant failed to make a Rule 10(f) motion but made a request that the record be corrected in a motion for new trial, the court was presented with the issue for review.
In the present case, the appellant's counsel made a motion for full recordation on May 2, 1984. The appellant's trial counsel discovered that the transcript was not complete after he gave notice of appeal and he received the transcript. The appellant's trial *Page 730 
counsel acted properly in filing a motion for full recordation, which brought the issue to the trial court's attention. Thus, his attorney, Mr. Jackson, acted properly in requesting a full recordation, and the appellant was not denied effective assistance of counsel as a result.
 III
The appellant contends that he was denied effective assistance of counsel because his appointed counsel did not preserve certain issues for appellate review, and did not raise the issues on appeal. The appellant complained of eight separate instances.
 A MOTION TO SUPPRESS
The appellant contends that he was denied effective assistance of counsel because his trial counsel did not challenge on appeal a statement made by the appellant, in which he confessed to the crime. In the appellant's Rule 20 hearing, Mr. Jackson, the attorney, testified that prior to trial he asked the appellant whether he was coerced into making the confession. The appellant stated that he was not mistreated or coerced into making the statement. The appellant made the statement of his own free will and accord.
After Mr. Jackson evaluated the evidence at the suppression hearing, along with statements made by appellant, Mr. Jackson concluded: "I was satisfied that there was no merit to any issue to raise on appeal regarding the statement and so forth that were covered by the suppression hearing. . . ."
In Stanford v. State, 442 So.2d 167 (Ala.Cr.App. 1983), the court stated that trial counsel is not required to make futile or frivolous motions, and similarly, counsel is not required to raise frivolous issues on appeal. The claim that the appellant's counsel should have appealed the denial of the motion to suppress is meritless, in light of the fact that it was established that the statements were freely and voluntarily given by the appellant. There is no showing that the appellant was prejudiced by counsel's failure to raise this issue on appeal.
 B CHANGE OF VENUE
The appellant's attorney filed a motion for change of venue. The motion stated that there was extensive pre-trial publicity and a petition was circulated in the county which requested that the appellant be sentenced to capital punishment. This motion was denied by the trial court. The appellant now asserts that he was denied effective assistance of counsel because Mr. Jackson did not make this an issue on appeal and did not preserve the issue for review.
Mr. Jackson testified at the Rule 20 hearing that after several days of personal investigation, he determined that the case was not widely publicized and was not well known by most citizens. Concerning the petition in the county requesting capital punishment for the appellant, Mr. Jackson's investigation revealed only one person who knew of any such petition.
Moreover, on voir dire, Mr. Jackson inquired into the pretrial publicity and determined that publicity had little if any impact on the jury.
The trial court properly denied the appellant's motion for change of venue; therefore, the appellant was not denied effective assistance of counsel by the attorney's failure to raise this issue on appeal. Further, there has been no showing that the appellant was prejudiced by Mr. Jackson's failure to preserve the issue for review.
 C VOIR DIRE
The appellant next states he was denied effective assistance of counsel because his attorney failed to preserve the voir dire examination by ensuring that the certified transcript included a transcript of the voir dire proceedings. This issue was adequately addressed in section II of this opinion. *Page 731 
 D MOTION IN LIMINE
The appellant argues that his trial counsel failed to properly object to testimony elicited at trial, which was sought to be excluded by a motion in limine. The appellant's counsel filed a motion in limine in which he attempted to exclude from evidence a confession made by the appellant or any reference to the contents of the confession. The confession was made while the appellant was detained at the Talladega County Sheriff's Department. Specifically, the appellant's counsel wanted to protect the following statement made by the appellant: "I was staying in Birmingham cause I couldn't come to Talladega County, they had a warrant on me for theft of property."
The trial judge did not rule on the motion but continued it until trial. There was never an official ruling on the motion in limine. During the course of the trial, there were references to the appellant's confession and appellant's counsel failed to object. However, when the State attempted to have the statement admitted into evidence, the appellant's trial counsel objected to the admissibility of the statement, and the trial court overruled the objection. (R. 101.) This was sufficient to preserve the issue of the admissibility of the statement for appellate review.
Although the more preferred action would have been for counsel to object immediately after there was reference to the contents of the statement, his failure to do so does not constitute ineffective assistance of counsel. Effective representation of counsel does not entitle the defendant to an error-free trial, and a showing that counsel made a mistake unfavorable to the defendant is not sufficient to establish inadequate representation. Haynes v. State, 461 So.2d 869
(Ala.Cr.App. 1984).
 E JURY CHARGE CONFERENCE/JURY CHARGES
The next argument is that appellant's trial counsel was ineffective because Mr. Jackson failed to adequately preserve for appellate review any questions arising from the jury charges. Specifically, Mr. Jackson failed to request an insanity charge be given to the jury. Also, ineffective assistance is alleged due to his failure to request a charge on the lesser included offense of criminally negligent homicide.
 "This court has previously explicitly held that 'request for jury charges are included in the "practical questions" that an attorney must deal with in formulating trial strategy, see Trammell [v. State, 276 Ala. 689, 166 So.2d 417
(1964)], and, consequently, should be left to the trial attorney's judgment. Hall [v. State, 421 So.2d 1334 (Ala.Cr.App. 1982)]; Goodman [v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, 387 So.2d 864 (Ala. 1980)].' Zeigler v. State, 443 So.2d 1303, 1307 (Ala.Cr.App. 1983). The court, in Hope v. State, 476 So.2d 635, 645 (Ala.Cr.App. 1985), quoted and followed this rationale. Moreover, the court in Haynes v. State, 461 So.2d 869, 874 (Ala.Cr.App. 1984), also noted that request for jury instructions is a matter of trial strategy and, absent a clear showing of improper or inadequate representation, is to be left to the judgment of counsel. Furthermore, '[i]t is also well established that, even if the game plan of the defense or a tactic should fail, such does not amount to ineffective assistance of counsel.' Hope, 476 So.2d at 645 (citations omitted)."
Parker v. State, 510 So.2d 281, 286 (Ala.Cr.App. 1987).
On the hearing for the Rule 20 petition, the appellant's counsel further illustrated that failure to request certain charges was trial strategy.
 "Q You didn't introduce any medical records or lay testimony to that matter for psychiatric care.
"A I did not pursue insanity at all at this trial.
 "Q Let's talk about what your defense strategy was on the murder case at the time you did go to trial. Tell us essentially what you attempted to do in connection *Page 732 
with the State's presentation of its evidence on the murder count.
"A Be a little more specific.
"Q What was your defense strategy?
"A The defense —"
After the trial court overruled the appellant's objection, the testimony continued:
 "A After a thorough investigation and repeated conversations with my client, we developed a strategy — here three or four years later I don't recall specifically the aspects of that other than it clearly did not include insanity.
 "Q Would it be fair to say the strategy was to minimize damage?
"A I'm sure that was a consideration.
 "Q Of damage control. To try to get a lesser included?
"A Mitigation.
"Q Specifically manslaughter, if you could?
"A Yes, that was specifically discussed.
 "Q Ron, in preparing the case for trial, did you prepare a proposed jury charge?
"A Yes.
 "Q Did you conduct voir dire examinations during trial?
"A Yes.
"Q Did you call witnesses during trial?
"A Yes.
 "Q What defense, if any, speaking to minimizing damages did you actually raise at trial?
 "Q The — I don't recall — I don't have before me names of each of the witnesses, but it would have included a listing testimony as to the character of the decedent, any propensity for violence of the decedent, and the relationship which the defendant had with the decedent.
 "Q Specifically, did you attempt to raise heat of passion arguments?
"A Yes." (R. 57-60.)
This testimony clearly shows that trial counsel's strategy was not to pursue the insanity defense but to argue that the killing occurred in the heat of passion.
The appellant's next argument concerns the failure to request an instruction on the lesser included offense of criminal negligence. In Parker, the appellant was indicted for murder and the appellant's counsel failed to request instructions on the lesser included offense of manslaughter and criminal negligent homicide. The court stated: "Even if the evidence supports jury instructions on lesser included offense, the failure of counsel to request charges on the pertinent lesser included offenses does not necessarily render counsel's assistance ineffective." Citing Grant v. State, 696 S.W.2d 74
(Tex.Dist.Cr.App. 1985). "The rationale behind the strategy [of electing not to request instructions on lesser included offenses] is based on the idea the jury will be more likely to find an accused not guilty if there are only two choices open to it." (Citations omitted.)
 F DIRECTED VERDICT/JUDGMENT OF ACQUITTAL OR NEW TRIAL
The appellant contends that his counsel was ineffective because he failed to preserve the issue of sufficiency of the evidence for appellate review. The record reflects that the appellant's trial counsel made the following motion for directed verdict at the close of the State's evidence.
 "MR. JACKSON: (To the Reporter.) I make a motion for a directed verdict of acquittal based upon the failure of the State to prove the necessary elements of intent as embraced in both the charges.
"THE COURT: (To the Reporter.) Denied."
At the end of all of the evidence, another motion for directed verdict was made. The following occurred:
 "MR. JACKSON: The Defense rests and there is a point I would like to put on the record, Judge. I move the Court for a directed verdict of acquittal of the failure to show evidence that attends to both counts of the indictment.
"THE COURT: Motion denied."
Then after the trial was completed, Mr. Jackson filed a motion for a judgment of acquittal or, in the alternative, a new trial. This motion was based on two grounds: (1) that the verdict was contrary to law, and *Page 733 
(2) that the verdict was strongly against the weight of the evidence.
It is not necessary to the making of the motion after a verdict for judgment of acquittal that a similar motion have been made prior to the submission of the case to the factfinder.
In this case Mr. Jackson preserved the issue of sufficiency of the evidence by two motions for a directed verdict.
 G SENTENCING
The appellant next states that his counsel was ineffective because he failed to preserve the issue of sentencing for appellate review. There was no transcript prepared of the sentencing hearing. However, a transcript was prepared on the appellant's counsel's motion for resentencing. The court denied this motion and this issue was preserved for appellate review.
 H APPEAL
Next, the appellant argues that his counsel's failure to raise other issues on appeal denied him effective assistance of counsel. Mr. Jackson raised two issues on appeal: (1) introduction into evidence of a prejudicial photograph, and (2) whether the trial court abused its discretion in overruling the appellant's objection to the prosecutor's use of a reasonable man's standard.
Assuming, arguendo, that there were other valid claims which Mr. Jackson could have raised, this still does not require Mr. Jackson to raise every possible issue on appeal.
The United States Supreme Court in Jones v. Barnes,463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983), stated that no decision by that Court suggests that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points if counsel, as a matter of professional judgment, decides not to present those points.
We find, as a matter of law, that this appellant was not denied the effective assistance of counsel by the failure to raise other issues on original appeal.
 IV
The appellant's last contention is that he was denied effective assistance of counsel because Mr. Jackson failed to thoroughly investigate his insanity defense.
This court, in Dill v. State, 484 So.2d 491, 497 (Ala.Cr.App. 1985), discussed the duty of counsel to investigate an insanity defense, and stated: "Counsel has a duty to conduct a reasonable investigation of the possibility of an insanity defense where the accused has a demonstrated history of mental illness," citing Alvord v. Wainwright, 725 F.2d 1282, 1288-89
(11th Cir.), modified, 731 F.2d 1486 (11th Cir.), cert. denied,469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984).
 "A distinction must be made between a failure to investigate the mental history of an accused and the rejection of insanity as a defense after proper investigation. '[A]n attorney with considerable experience in criminal matters and, therefore, in dealing with a wide range of people . . . may be presumed to have some ability to evaluate the mental capacity of his client.' United States ex rel. Rivera v. Franzen, 594 F. Supp. 198, 202 (N.D.Ill. 1984). 'As a practical matter, when deciding whether to present an insanity defense, the criminal defendant's lawyer is truly the final psychiatrist. It is not the role of a court to doubt his judgment. . . .' Trial counsel may not reject the insanity defense '"without pursuing the basic inquiries necessary to evaluate its merits intelligently."' Rivera, 594 F. Supp. at 203. See also Martin v. Maggio, 711 F.2d 1273, 1280 (5th Cir. 1983), rehearing denied, 739 F.2d 184 (5th Cir.), cert. denied, [469] U.S. [1028], 105 S.Ct. 447, 83 L.Ed.2d 373 (1984); Pickens v. Lockhart, 714 F.2d 1455, 1467 (8th Cir. 1983) ('[I]t is only after a full investigation of all of the mitigating circumstances that counsel can make an informed, tactical decision about which information would be the most helpful to the client's case'). *Page 734 
 "Defense counsel may not rely upon his client to bring to his attention facts indicating an insanity defense precisely because an accused cannot be expected to know that his psychiatric history afforded him a potential defense. Rivera, 594 F. Supp. at 203. Counsel has a duty to make an independent investigation and prepare the defense and cannot permissibly delegate to his client which defenses to a criminal prosecution will be investigated and pursued. Rivera, 594 F. Supp. at 203, citing Bell v. Watkins, 692 F.2d 999, 1009 (5th Cir. 1982), cert. denied sub nom. Bell v. Thigpen, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983). A defendant is not responsible for failing to reveal certain information to his attorney 'unless the attorney has made every reasonable effort to elicit the information, has made his client aware of the sort of information that might be relevant, and has given his client the opportunity to disclose it.' Davis [v. State], 596 F.2d [1214] at 1220 [1979]."
Dill, 484 So.2d at 498.
In the present case, the record shows that Mr. Jackson investigated the mental history of the appellant. The following factors lead this court to believe that Jackson adequately investigated the mental capacity of the appellant. (1) Mr. Jackson had at least three separate conversations with Dr. Brown, a psychiatrist who counseled the appellant and his wife, and provided psychiatric care to the appellant; (2) Mr. Jackson discussed the appellant's mental state with members of the appellant's family; and, (3) Jackson made a motion for psychological evaluation. The appellant was examined at Taylor Hardin Secure Medical Facility. The results from the competency evaluation were submitted to Mr. Jackson. A portion of the evaluation stated:
 "Based on a thorough review of all available information, it appears Mr. Saffold is ready to assume the role of a defendant and move forward in the trial process.
 "It was the consensus of the Competency Evaluation Board that Mr. Saffold was not suffering from any major mental illness during the time period of the alleged offense which would have compromised his ability to appreciate the criminality of his behavior or to conform his behavior to the requirements of the law. It is noted that the patient reports being under the influence of alcohol and drugs during that time period. The veracity of this report is difficult to assess given that he was not arrested until some time afterwards."
Based on these factors, we find that Mr. Jackson thoroughly investigated the insanity defense on appellant's behalf. After determining that insanity was not a viable defense, Mr. Jackson chose to pursue another defense.
We find as a matter of law that this appellant was not denied effective assistance of counsel at his original trial, on his original appeal, on his Rule 20 petition hearing, or on this appeal therefrom. The appellant has failed to meet the requirements of Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Evitts v. Lucey,469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
 APPENDIX A IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA State of Alabama, Plaintiff, vs. Gregory Saffold, Defendant. Case No. CC-84-34 ORDER
This matter having been presented to the Court on Petitioner's Petition for Relief Pursuant to Rule 20, as amended, the Answer of the State of Alabama, the evidence *Page 735 
presented at trial and argument of counsel. After a careful consideration thereof, the Court finds and Orders as follows:
Petitioner was not denied the right to effective assistanceof counsel. In support of this conclusion the Court specifically finds as follows:
1. That at the time of the appointment of Ronald Jackson to Petitioner's cases, the said Ronald Jackson was a licensed practicing attorney in the State of Alabama, and had been such for approximately two and one-half years prior to his appointment.
2. Mr. Jackson filed numerous pre-trial, trial and post-trial motions on Mr. Saffold's behalf including, but not limited to: Motion for Preliminary Hearing, Motion for Appointment of Psychiatrist, Motion to Produce, Motion for Full Recordation, Motion for Psychiatric Examination, Motion to Dismiss, Motion for Change of Venue, Motion to Produce, Motion in Limine, Motion for Judgment Notwithstanding the Verdict, Motion for New Trial, Motion Requesting New Sentence Hearing.
Certain of these motions were granted, certain ones were denied and certain ones were not ruled on by the trial court. Having examined those motions which were denied and those not ruled on, the Court is not convinced that the attorney, Mr. Jackson, was ineffective or deficient for having not addressed the trial court's adverse rulings or the trial court's failure to rule on certain motions. To the contrary, Mr. Jackson expended great amounts of time and effort in preparing motions and attending hearings on his motions and those motions filed by the State.
3. Counsel's failure to maintain an "insanity" defense did not prejudice Petitioner's case, nor was such an ineffective assistance of counsel.
The trial attorney, Mr. Jackson, used diligent efforts to develop an "insanity" defense, but that such efforts were not successful, through no fault of Mr. Jackson. Through the efforts of counsel Mr. Saffold was evaluated by psychiatrists at Taylor Hardin Secure Medical Facility. Jackson discussed Mr. Saffold's mental condition and sanity with Dr. Don Brown, Psychiatrist, and Ms. Pearl Brown, Psychologist. Jackson discussed Mr. Saffold's mental state with Saffold's family and others, and reached the decision, with the concurrence of Mr. Saffold, not to maintain this particular defense as a matter of trial strategy.
4. Mr. Jackson made every reasonable effort to suppress the confession made by Petitioner to law enforcement officers regarding the crimes in question. Mr. Jackson did this even though his client, Mr. Saffold, had stated to him that the confessions were made knowingly, voluntarily and without the threat of violence or physical force or with the promise of reward. According to Jackson's testimony, which the Court finds to be credible, Petitioner led authorities to the body of his ex-wife because he felt "remorse", and not because of some overt or subtle persuasion made by law enforcement. Jackson interrogated and cross-examined each of the law enforcement officers as to each of the statements made by the Petitioner. Jackson was not ineffective for being unable to suppress the statements and confessions made by Petitioner to law enforcement authorities from Coosa and Talladega Counties.
5. Jackson allowed the admission of certain exhibits and evidence without objecting thereto. Such was not done as a matter of incompetency, but was done as a matter of trial strategy. The fact that this particular strategy was employed does not indicate that Jackson was incompetent or deficient.
6. The following are also relevant findings in this matter: (A) Jackson performed more service to Saffold than he was able to be compensated for by the State of Alabama in the investigation, preparation and trial of the case.
(B) Saffold gave conflicting accounts of the incident in question to his attorney, Jackson, which resulted in Jackson's planning his trial strategy accordingly.
(C) Saffold admitted the car in question to be that of his ex-wife Betty at the time *Page 736 
he took possession of said automobile and fled the State in it.
(D) The trial Judge charged the jury as to the lesser included offense of "Manslaughter", as requested by Jackson.
(E) Saffold conferred with Jackson before and during the trial and agreed with the trial strategy employed by Jackson with regards to the calling of witnesses, the decision not to use the "insanity" defense, and the decision that Saffold himself testify at trial.
(F) Jackson's performance in representing Defendant was not deficient.
7. Petitioner failed to present any credible evidence to support any other contention which would afford him relief in his Petition.
Accordingly, it is therefore CONSIDERED, ORDERED, ADJUDGED and DECREED that the Petition be, and the Petition is hereby DENIED. Costs remitted to the State of Alabama.
DONE and ORDERED this 18th day of September, 1989.
/s/ John E. Rochester
John E. Rochester
Circuit Judge