JAMES H. FAULKNER, Retired Justice.
Susan Butterworth Hatley was indicted for the offense of possession of a forged instrument in the second degree in violation of § 13A-9-6, Code of Alabama 1975. The jury found Hatley guilty as charged in the indictment, and the trial court sentenced her to three years’ imprisonment and then suspended her sentence and placed her on probation for three years.
Hatley contends that her trial counsel’s failure to object to the admission of the affidavit of forgery into evidence, his stipulation to certain facts, and his refusal to allow her to testify constituted ineffective assistance of counsel.
To prevail upon a claim of ineffective assistance of counsel, a defendant must satisfy the two components articu *662 lated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
“A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant, must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
466 U.S. at 687, 104 S.Ct. at 2064.
A defendant must make both showings to succeed on a claim of ineffective assistance. Williams v. State, 480 So.2d 1265 (Ala.Cr.App.1985). This court, moreover, is not required to address the second consideration of Strickland if a defendant makes an insufficient showing on the first prong. Thomas v. State, 511 So.2d 248 (Ala.Cr.App.1987).
A defendant is not entitled to error-free counsel. Stringfellow v. State, 485 So.2d 1238 (Ala.Cr.App.1986). In adjudging the effectiveness of counsel’s assistance, a “court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.” Strickland v. Washington, supra, 466 U.S. at 690, 104 S.Ct. at 2066.
The failure of an attorney to object to the introduction of evidence does not automatically mean that the attorney is ineffective. Stanford v. State, 442 So.2d 167 (Ala.Cr.App.1983). Matters of trial strategy, in the absence of a clear showing of improper or inadequate representation, will be left to the judgment of trial counsel. Hope v. State, 476 So.2d 635 (Ala.Cr.App.1985).
A review of the record in this case reveals that Hatley has failed to satisfy the prejudice requirement of the Strickland two-pronged standard.
Hatley’s trial counsel presented an exhaustive alibi defense in her behalf. Trial counsel’s investigator, Ron Thrasher, testified that the bank teller who identified Hatley as the person who cashed the check did not recognize Hatley on a subsequent occasion when Hatley requested a cashier’s cheek from the teller. Sammy Butterworth (Hatley’s brother) and Charles Thompson testified that at the time Hatley allegedly cashed the forged check, they were both with Hatley at her home. Trial counsel made a strategic decision in not calling Hatley as a witness where she would have been subject to a stringent cross-examination.
Because Hatley’s defense was alibi, Hat-ley’s trial counsel did not attempt to refute the state’s evidence that a forgery occurred. Hence, the admission into evidence of the affidavit of forgery and the stipulation of the check owner’s testimony, neither of which identified Hatley as the forger, were not harmful to Hatley’s defense. Hatley has also failed to show what her testimony would have been had she testified, and she has failed to show how her testimony would have affected the outcome of the trial. It is also clear from the entire record that there is not a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.
The state presented evidence that check number 723, drawn on Ray Harper’s Home Center Account, was made payable to Hat-ley in the amount of $450. The bank teller positively identified Hatley as the person who cashed the check. The check had Hat-ley’s driver’s license number on it, which the teller had copied from Hatley’s driver’s license. Although the affidavit of forgery and the stipulation established that the owner of the check, Ray Harper, did not *663 sign the check and had not given anyone else permission to sign the check, the state certainly could have called the owner to testify to these facts.
Because Hatley has failed to meet her burden of showing that the decision reached by the jury would likely have been different absent her trial counsel’s alleged errors, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.